Brian K. Brookey (*pro hac vice*)
bbrookey@honigman.com
Cecilia G. Rambarat (*pro hac vice* to be submitted)
crambarat@honigman.com
HONIGMAN LLP
1440 New York Ave NW
Suite 200
Washington, DC 20005-2111
Telephone: 202-844-3390
bbrookey@honigman.com
crambarat@honigman.com

Attorneys for Plaintiff, Soons Co., Ltd.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SOONS CO., LTD., a South Korean corporation,<br><br>Plaintiff,<br><br>v.<br><br>AJS INNOVATIONS LLC, a Florida limited liability company, dba UNPLUG OUTDOOR CO. and DOGGO RTT RAMP,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff, Soons Co., Ltd. ("Soons" or "Plaintiff") brings this complaint for patent infringement against Defendant AJS Innovations LLC dba Unplug Outdoor and Dogg RTT Ramp ("AJS" or "Defendant") as follows:

62376051.1

## INTRODUCTION

This is an action for patent infringement by Soons, a company that has innovated and obtained numerous patents for more than a decade and established itself as a leader in the automotive rooftop tent industry, against AJS, a willful and unrepentant infringer. Because Unplug Outdoor has refused, and continues to refuse, to cease its infringing activity, Soons is left with no choice but to bring this action and seek an injunction against future infringement and damages for the harm the past and current infringement has caused.

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338 because this is an action for patent infringement over which federal courts have exclusive jurisdiction.

2. The Court has personal jurisdiction over Defendant because it engages in systematic and continuous contacts with Arizona, including by operating at least one business within this district.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) because Defendant committed acts of infringement and has a regular and established place of business in this district, including by operating a showroom in Phoenix, Arizona.

## THE PARTIES

4. Soons is a South Korean corporation with its principal place of business at 541-44 Bangchon-ro, Tanhyeon-myeon, Paju-si, Gyeonggi-do 10858, Republic of Korea. Soons was formerly known as iKamper Co., Ltd. ("iKamper"). Except where expressly noted, all references in this Complaint to "Soons" include and apply to iKamper as well.

5. AJS is a Florida limited liability company with a principal place of business at 1260 South Atlantic Avenue, Cocoa Beach, FL 32931. Soons alleges on information and belief that AJS operates business through a number of unregistered fictitious names, including Unplug Outdoor Co. and Doggo RTT Ramp; and that it maintains a showroom at 7150 West Roosevelt, Phoenix, Arizona in which it sells or offers for sales infringing goods.

62376051.1

## STATEMENT OF FACTS

6. On July 22, 2025, iKamper was issued U.S. Patent No. 12,366,117 for a safety device for a ladder (the "'117 Patent"). A PCT application for the '117 Patent was filed on December 23, 2020, claiming a foreign application priority date of April 6, 2020. An assignment reflecting the name change to Soons has been recorded with the United States Patent and Trademark Office.

7. The invention claimed by the '117 Patent is a safety device for a ladder that includes a guard member mountable to a ladder and a plurality of fixing members connected to the guard member. A copy of the '117 Patent is attached as Exhibit A.

8. Soons sells throughout the world, including in the United States, a commercial embodiment of the '117 Patent called HC Steps. Soons has enjoyed significant sales of the HC Steps, which are popular among vehicle rooftop-tent consumers.

9. AJS is a small company in Florida that sells its own rooftop camping equipment. Recognizing Soons's success, AJS decided to come up with its own product, which it named the Doggo Ramp RTT, modeled closely after the '117 Patent.

10. The Doggo Ramp RTT infringes, literally or by the doctrine of equivalents, at least Claims 1 and 9 of the '117 Patent. A detailed claim chart demonstrating that infringement is attached as Exhibit B.

11. Soons put AJS on notice of infringement as early as July 2025, but AJS refused to cease infringing the '117 Patent.

12. As a result, Soons brings this action to vindicate its important intellectual property rights, to recover damages arising from Defendants' willful infringement, and to put an end to that infringement.

## COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 12,366,117

13. Soons repeats, realleges, and incorporates by reference the allegations of paragraphs 1 through 12 of this Complaint as though set forth fully here.

14. AJS directly infringes at least Claims 1 and 9 of the '117 Patent by making, using, offering for sell, selling, or importing in the United States devices that practice the

claims of the '117 Patent without authorization by or a license from Soons.

16. A detailed claim chart demonstrating that the Doggo RTT Ladder infringes the '117 Patent is attached as Exhibit B.

16. AJS's infringement has harmed, and unless enjoined will continue to harm, Soons. As a result, Soons is entitled to its compensatory damages, or at a minimum a reasonable royalty.

17. AJS's infringement was and is willful, entitling Soons to treble damages.

18. Additionally, monetary damages are insufficient to compensate Soons for all the harm AJS's willful infringement has caused. Therefore, Soons is also entitled to a preliminary and permanent injunction prohibiting further sales of the Doggo RTT Ramp and any other AJS product that practices any claim of the '117 Patent.

## PRAYER FOR RELIEF

**THEREFORE**, Plaintiff prays for judgment as follows:

1. That Defendant be found to have infringed one or more claims of the '117 Patent.

2. That Defendant's infringement be deemed willful.

3. That Soons be awarded compensatory damages against Defendant, and that those damages include at a minimum, a reasonable royalty.

4. That Soons' damages be trebled pursuant to 35 U.S.C. §284.

5. That the Court issue a preliminary and permanent injunction prohibiting further infringement of the '117 Patent by Defendant, its officers, agents, employees, attorneys, representatives, and all others acting in concert with any of them that receive notice of the injunction.

6. That the Court deem this an exceptional case and award Soons its reasonable attorneys' fees incurred in this matter pursuant to 35 U.S.C. §285.

7. That the Court award Soons its costs of suit.

8. That the Court grant any other and additional relief that it deems just and proper.

## JURY DEMAND

Soons demands a trial by jury on all issues so triable.

Dated: October 29, 2025

                                        Honigman LLP

                                By: /s/ Brian K. Brookey
                                          Brian K. Brookey
                                          Cecilia G. Rambarat
                                          1440 New York Ave NW
                                          Suite 200
                                          Washington, DC 20005-2111
                                          202-844-3390

62376051.1