**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Soons Company Limited, | No. CV-25-04063-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| AJS Innovations LLC, | |
| Defendant. | |

Plaintiff Soons Company Limited filed this patent infringement suit against defendant AJS Innovations LLC. (Doc. 1.) Soons served AJS by serving the Florida Secretary of State after all other avenues of service were unsuccessful. (Doc. 15.) AJS's default was entered (Doc. 16), and Soons now seeks default judgment (Doc. 17).

The court must consider seven factors when deciding whether to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The seven factors are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* These factors establish default judgment is appropriate.

**1. Possibility of Prejudice**

The first factor regarding prejudice to Soons weighs in favor of default judgment because if "default judgment is not granted, [Soons] will likely be without other recourse

for recovery" against AJS. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### 2. Merits of the Claims and Sufficiency of the Complaint

The second and third factors require assessing the merits of Soons's claims and the sufficiency of its complaint. These factors "are often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [it] may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (simplified).

Soons is "a leader in the automotive rooftop tent industry" and it "was issued U.S. Patent No. 12,366,117 for a safety device for a ladder." (Doc. 1 at 2-3.) Soons sells "a commercial embodiment of the '117 Patent called HC Steps." (Doc. 1 at 3. That product is "popular among vehicle rooftop-tent consumers." (Doc. 1 at 3.)

AJS "sells its own rooftop camping equipment," including a product it calls "Doggo Ramp RTT." (Doc. 1 at 3.) the Doggo Ramp RTT was "modeled closely after the '117 Patent," and infringes either "literally or by the doctrine of equivalents," Claims 1 and 9 of the '117 Patent. (Doc. 1 at 3.) The complaint includes an "Infringement Chart" listing claims in the '117 patent and the features of the Doggo Ramp RTT that constituted infringement. (Doc. 1-2 at 2-9.) It appears Soons's commercial embodiment of the '117 patent and the Doggo Ramp RTT are direct competitors. Soons informed AJS of the infringement in July 2025, "but AJS refused to cease infringing." (Doc. 1 at 3.)

A patent infringement claim requires allegations the defendant "makes, uses, offers to sell, or sells any patented invention" in the United States without authority. 35 U.S.C. § 271(a). In a case involving "simple technology," the Federal Circuit determined a complaint stated a patent infringement claim because it "specifically identified the three accused products—by name and by attaching photos of the product packaging as exhibits—and alleged that the accused products meet each and every element of at least one claim of the [patent], either literally or equivalently." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). Soons's complaint involves relatively

simple technology, identifies the Doggo Ramp RTT, includes photos of the Doggo Ramp RTT, and identifies the claims of the patent the Doggo Ramp RTT infringes. That is sufficient to state a patent infringement claim. The factors regarding merits of the claim and sufficiency of the complaint support entry of default judgment.

### 3. Amount in Controversy

The fourth default judgment factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). Although Soons hopes to recover its attorneys' fees, it does not seek any monetary damages. (Doc. 17 at 7 ("Soons is willing to waive its claim for damages in a default judgment in favor of a permanent injunction.").) Because no monetary damages are sought, this factor weighs in favor of default judgment.

### 4. Dispute Over Material Facts

The fifth factor is whether there are any disputes over material facts. AJS's decision to not participate means there is no indication of such disputes. This factor weighs in favor of default judgment.

### 5. Excusable Neglect

There is no evidence AJS's failure to participate is the result of excusable neglect. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (defendants' failure to respond to complaint could not "be attributable to excusable neglect" because "[a]ll were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion."). At one point AJS was represented by counsel, and counsel was informed of these proceedings and that Soons would seek default. Rather than excusable neglect, it appears AJS made an affirmative decision to default. This factor supports entry of default judgment.

### 6. Policy Favoring Decisions on the Merits

The seventh factor recognizes a preference for resolving matters on their merits. This factor, as always, weighs against entry of default judgment. "However, the mere

existence of Fed.R.Civ.P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (simplified).

**7. Default Judgment is Merited**

Under the seven factors, default judgment is appropriate.

**8. Damages**

The only relief Soons seeks is a permanent injunction prohibiting AJS from infringing in the future. Soons established ongoing infringing activities but that does not automatically entitle it to a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393 (2006). Soons is entitled to an injunction only upon showing "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* at 391.

"Irreparable injury encompasses different types of losses that are often difficult to quantify, including lost sales and erosion in reputation and brand distinction." *Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1344 (Fed. Cir. 2013). When the patentee sells a commercial embodiment of the patent, i.e., one in direct competition with the infringer, "the patentee suffers the harm—often irreparable—of being forced to compete against products that incorporate and infringe its own patented inventions." *Id.* at 1345.

Soons argues monetary damages would be inadequate because the threat of such "damages was not a sufficient deterrent" to dissuade AJS from infringing or to spur AJS into defending this suit. (Doc. 17 at 9.) Given AJS's decision not to participate, Soons has no way of knowing the amount of AJS's sales and it would be very difficult to establish the appropriate amount of damages. AJS's actions appear likely to continue and monetary damages are not sufficient to redress the harm.

The balance of hardships and the public interest both support entry of a permanent injunction. AJS will not suffer any hardship if it is required to cease its infringing activities

and the public interest is served by upholding patent rights. Under the four-part equitable test, Soons is entitled to a permanent injunction.

Soons also requests the court determine this case qualifies as "exceptional" under 35 U.S.C. § 285 to permit an award of attorneys' fees. (Doc. 17 at 10.) "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "Courts applying the *Octane Fitness* analysis commonly find that willful infringement, in conjunction with non-participation in litigation, makes a case 'exceptional.'" *Trident Inv. Partners Inc. v. Evans*, No. CV-20-01848-PHX-DWL, 2021 WL 75826, at *8 (D. Ariz. Jan. 8, 2021).

In this case, Soons sent AJS a cease-and-desist letter in July 2025. (Doc. 17-1 at 1.) AJS responded, through counsel, and "unpersuasively denied infringement." (Doc. 17-1 at 1.) AJS continued its infringing activities and Soons filed this suit. AJS's registered agent "evaded service repeatedly," including "expressly refusing delivery of a certified copy of the complaint" that AJS's counsel had already received. (Doc. 17-1 at 2.) Soons was forced to complete substitute service.

The combination of willful infringement, non-participation in litigation, and evading service can qualify a case as exceptional. *See Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, No. 19CV01167JSTAGT, 2021 WL 5707741, at *8 (N.D. Cal. Oct. 21, 2021), *report and recommendation adopted*, No. 19-CV-01167-JST, 2021 WL 5707740 (N.D. Cal. Nov. 16, 2021) (case exceptional because defendants "willfully" used trademarks and "defendants evaded service and refused to participate in these proceedings"). Here, AJS had early notice that it was infringing, did not participate in the litigation, purposefully evaded service, and required Soons to complete alternative service. Taken together, this behavior makes this action "stand[] out from others." *Octane Fitness*, 572 U.S. at 554. The request for attorneys' fees is granted.

**IT IS ORDERED** the Motion for Default Judgment (Doc. 17) is **GRANTED**. The Clerk of Court shall enter judgment in favor of plaintiff. The request for attorneys' fees is granted. Plaintiff shall file a motion for attorneys' fees within fourteen days of this order.

**IT IS FURTHER ORDERED** pursuant to Rule 65 of the Federal Rules of Civil Procedure and 35 U.S.C. § 283, defendant and its officers, agents, servants, employees, affiliates, successors, assigns, and any persons acting in concert with any of them who receive notice of this judgment, are **PERMANENTLY ENJOINED** from:

a. Making, using, selling, offering to sell, or importing into the United States any product that infringes any claim of the '117 Patent, including but not limited to the Doggo RTT Ramp product specifically identified in the complaint;

b. Inducing or contributing to infringement of the '117 Patent; and

c. Assisting, encouraging, or enabling any third party, whether under their control or not, from infringing the '117 Patent.

Dated this 4th day of August, 2026.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**